IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ABSOLUTE ENERGY SOLUTIONS, LLC, | § § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-3358 |
| | § | |
| JASON TROSCLAIR and | § | |
| RHONDA TROSCLAIR, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Defendants Jason Trosclair ("Trosclair") and Rhonda Trosclair's (collectively, "Defendants") Motion to Dismiss Under Rules 12(b)(6) and 12(b)(1) [Doc. # 8] ("Motion to Dismiss").  Plaintiff Absolute Energy Solutions, LLC ("Absolute" or "Plaintiff") filed a Response to the Motion to Dismiss [Doc. # 9].  Having reviewed the parties' briefing and the applicable legal authorities, the Court **denies** Defendants' Motion to Dismiss.

## I.   BACKGROUND

Plaintiff owns and operates an "oil-field services, engineering, and energy consulting company."  Plaintiff's Original Complaint [Doc. # 1] ("Complaint"), ¶ 6.  Trosclair was employed by Plaintiff.  *Id.*, ¶ 7.  On April 18, 2013, Plaintiff terminated Trosclair's employment.  *Id.*  Plaintiff alleges that, upon termination of Trosclair's

employment, he was no longer authorized to access Plaintiff's computer and e-mail systems. *Id.*, ¶ 10.  Rhonda Trosclair, Trosclair's wife, was never employed by Plaintiff and thus never was permitted to access Plaintiff's email systems. *Id.*, ¶¶ 9, 11.[1]

Plaintiff alleges that both Defendants accessed Plaintiff's computer and e-mail systems without authorization, "sent, received, and forwarded email messages belonging to Absolute, and engaged in a business endeavor that directly competed with Absolute using Absolute's computer systems." *Id.*, ¶ 14.  Plaintiff also alleges that Defendants "intended to use, or actually used, the information to conduct business with customers of Absolute." *Id.*, ¶ 15.  Plaintiff filed this suit on November 14, 2013, alleging that Defendants violated the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, and misappropriated Plaintiff's trade secrets. *Id.*, ¶¶ 18-31.

## II.  <u>LEGAL STANDARD</u>

### A.  <u>Lack of Subject Matter Jurisdiction</u>

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v.*

---

[1]Defendants assert that Trosclair was an owner of Plaintiff and continued to be authorized to access Plaintiff's computer and e-mail systems after his termination. *See* Response, at 5-7.

*pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted).   In considering a challenge to subject matter jurisdiction, the district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case."   *Id.*   When the court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it.   *See Castro v. United States*, 560 F.3d 381, 386 (5th Cir. 2009).  A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *Id.*  The Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff."  *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2007).

###### B.   <u>Failure to State a Claim</u>

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147.  The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face."

*See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).  When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief.  *Iqbal*, 556 U.S. at 679.  Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory.  *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## III.  **ANALYSIS**

Defendants' argument for dismissal proceeds in two parts.  First, Defendants argue that Plaintiff cannot state a claim for a violation of the CFAA because Trosclair's access to Plaintiff's computer and e-mail system was authorized even after his termination and that, even assuming unauthorized access, Plaintiff has failed to allege any loss.  *See* Motion to Dismiss, at 5-9.  Second, Defendants contend that once the Court dismisses Plaintiff's CFAA claim, the only remaining claim is one brought under state law for which the Court lacks subject matter jurisdiction.  *Id.*, at 9.

The CFAA criminalizes the unauthorized access of computers under certain circumstances.  *See* 18 U.S.C. § 1030.  The parties suggest that two particular provisions of the CFAA are applicable here.  *See* Motion to Dismiss, at 4-5; Response,

at 4.  Section 1030(a)(2) makes it illegal to "intentionally access[] a computer without authorization or exceed[] authorized access," and, through that conduct, obtain certain information.  18 U.S.C. § 1030(a)(2).   Section 1030(a)(4) criminalizes the conduct of anyone who "knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value."  18 U.S.C. § 1030(a)(4).

The CFAA also establishes that "[a]ny person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief."  18 U.S.C. § 1030(g).  Thus, to succeed on a claim alleging a violation of Section 1030(a)(2), a plaintiff must show that a defendant: "(1) intentionally accessed a computer, (2) without authorization or exceeding authorized access, and that he (3) thereby obtained information, (4) from any protected computer (if the conduct involved an interstate or foreign communication), and that (5) there was loss to one or more persons during any one-year period aggregating at least $5,000 in value." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1132 (9th Cir. 2009).[2]  Similarly, a

---

[2]The Fifth Circuit has not yet issued any opinion regarding civil actions brought pursuant Section 1030(g) and alleging a violation of either of these provisions.
                                                                                                    (continued...)

claim alleging a violation of Section 1030(a)(4) requires a showing that the defendant: "(1) accessed a 'protected computer,' (2) without authorization or exceeding such authorization that was granted, (3) 'knowingly' and with 'intent to defraud,' and thereby (4) 'furthered the intended fraud and obtained anything or value,' causing (5) a loss to one or more persons during any one-year period aggregating at least $5,000 in value." *Id.* The Fifth Circuit, in a criminal case, stated that "[a]ccess to a computer and data that can be obtained from that access may be exceeded if the purposes for which access has been given are exceeded." *United States v. John*, 597 F.3d 263, 272 (5th Cir. 2010).

Defendants here dispute that their access to Plaintiff's computer or e-mail system was "unauthorized." Defendants contend that Plaintiff did not "promulgate employee guidelines that prohibited employees from emailing Absolute documents to other personal computers." Motion to Dismiss, at 5. They also contend that Trosclair remained an owner of Plaintiff after his employment had terminated, and

---

[2](...continued)

Nonetheless, it would appear that a claim brought under Section 1030(g) requires a plaintiff to prove the elements of the criminal offense on which the suit is based. The Ninth Circuit's opinion in *LVRC Holdings LLC* succinctly tracks the elements for liability under Sections 1030(a)(2) and 1030(a)(4).

therefore retained authorization to access Plaintiff's e-mail system.  *Id.*, at 6.  Finally, Defendants contend that Trosclair "had no reason to believe that he was not authorized" to continue using Plaintiff's e-mail system, and that "Absolute could have deactivated Jason's profile at any time . . . .*yet they did nothing*."  *Id.*, at 7 (emphasis in original).

Plaintiff has plausibly alleged a violation of the CFAA.  Indeed, Defendants seem to agree that Plaintiff's complaint alleges facts that, if true, would establish a plausible violation of the CFAA.  Defendants instead contest the factual underpinnings of Plaintiff's claims, specifically, that Trosclair *was* authorized to access Plaintiff's computer or e-mail system after his employment was terminated.  This factual dispute—that is, whether Trosclair or Rhonda Trosclair was authorized to access Plaintiff's e-mail system at that time—cannot be decided on a motion to dismiss.  *See Beta Tech., Inc. v. Meyers*, 2013 WL 5602930, at *3-4 (S.D. Tex. Oct. 10, 2013) (Werlein, J.) (denying Defendants' motion to dismiss civil claims brought pursuant to 18 U.S.C. § 1030(g), alleging violation of Section 1030(a)(4), on the grounds that the plaintiff had adequately alleged that a defendant had exceeded his authorization to access the plaintiff's computer); *Meats by Linz, Inc. v. Dear*, 2011 WL 1515028, at *2-3 (N.D. Tex. Apr. 20, 2011) (Fitzwater, J.) (denying defendant's motion to dismiss CFAA claim on the grounds that plaintiff "has pleaded a plausible

CFAA claim . . . because it has alleged facts that allow the court to draw the reasonable inference that Dear accessed the MBL computer system . . . and then used it, in violation of the restrictive covenant agreement without MBL's express consent, to compete directly with MBL in the restricted geographical area, to solicit MBL customers to purchase the same type of products sold by MBL, and to engage in activities that undermine MBL's business opportunities.").

In addition, Plaintiff has alleged a loss exceeding $5,000. *See* Complaint, ¶ 23. To state a claim under the CFAA, Plaintiff is not required to allege—as Defendants seem to imply, *see* Motion to Dismiss, at 8-9—details or the exact nature of the loss. Rather, Plaintiff must simply allege sufficient damages to establish that the elements of a Section 1030(g) claim have been met, as Plaintiff has done here.[3]

Because Plaintiff's CFAA claim—a federal cause of action—is properly before this Court, the Court has supplemental jurisdiction over Plaintiff's state law claim for misappropriation of trade secrets.  Both claims appear to arise from the same set of circumstances  and thus "form part of the same case or controversy."  18 U.S.C. §

---

[3]Plaintiff's damages allegations are sparse but are sufficient for present purposes, when read in light of the allegations in ¶ 29 of the Complaint.  Because it is better practice, Plaintiff will be required to elaborate on the damages in an amended complaint, as described at the initial pretrial conference held February 3, 2014.

1367(a).[4]  Plaintiff's CFAA claim will not be dismissed on Rule 12(b)(6) grounds.

Accordingly, the Court retains subject matter jurisdiction over Plaintiff's CFAA and

misappropriation of trade secrets claims.

## IV.   CONCLUSION AND ORDER

For the reasons stated, it is hereby

**ORDERED** that Defendants Jason Trosclair and Rhonda Trosclair's Motion

to Dismiss Under Rules 12(b)(6) and 12(b)(1) [Doc. # 8] is **DENIED**.

SIGNED at Houston, Texas, this 3rd day of **February, 2014.**

Nancy F. Atlas
United States District Judge

---

[4]Defendants do not contest this; rather, they request dismissal for lack of subject

matter jurisdiction on the assumption that the Court would dismiss the CFAA claim.